

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

BETH HOFFMAN
*Special Assistant Corporation Counsel*
Phone: (212) 356-2372
Fax: (212) 788-9776
bhoffman@law.nyc.gov

September 28, 2015

**BY ECF**
Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Chambers: Room S905

      Re: <u>Corey Nelson, et al. v. Det. Waliur Rahman, et al.,</u>
          15 Civ. 4988

1.     Your Honor:

        I am a Special Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel for the City of New York, and the attorney assigned to defend the above-referenced matter.  I am writing to respectfully request a 60-day enlargement of time from September 17, 2015 until November 16, 2015 for the defendants to answer or otherwise respond to the complaint (the City is not a defendant in this case).  Plaintiff's counsel, Gabriel Harvis, Esq., consents to this request.  No previous request for an extension has been made.

        By way of background, plaintiff's complaint alleges that on October 30, 2014, at approximately 5:00 p.m., defendant officers arrested plaintiffs inside 1333 Prospect Place in Brooklyn without probable cause or reasonable suspicion, and used excessive force during the course of their arrest.  Plaintiffs now bring claims pursuant to 42 U.S.C § 1983 and state law for, *inter alia*, unlawful entry, search and detention, false arrest, denial of constitutional right to fair trial, malicious abuse of process, excessive force, and failure to intervene.

        There are several reasons for seeking an enlargement of time in this matter.  In accordance with our obligations under Fed. R. Civ. P. 11, we need time to investigate the allegations set forth in the complaint.  It is our understanding that the records of the underlying criminal actions, including the police records, are currently sealed pursuant to N.Y. Crim. Pro. L. § 160.50 and/or 160.55.  Plaintiff's counsel has provided defendant an executed N.Y. Crim. Pro. L. § 160.50/160.55 release authorizing this office to obtain documents pertaining to plaintiff's

underlying arrest and prosecution from the NYPD, the District Attorney's office, and the Criminal Court. Defendant is in the process of obtaining these documents and without these documents, defendant City cannot meaningfully respond to the complaint.

Without appearing on the individual defendant's behalf, it is respectfully requested that, if he was properly and timely served, the Court *sua sponte* afford an extension of time till November 16, 2015 in order to ensure that his defenses are not jeopardized while representation issues are being decided. This extension may allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent the officers. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In light of the foregoing, it is respectfully requested that the Court extend the time for defendants, upon timely service, to answer or otherwise respond to the complaint until November 16, 2015.

Thank you for your consideration of the application herein.

Respectfully submitted,

_____/s/_____
Beth Hoffman
*Special Assistant Corporation Counsel*
*Special Federal Litigation Division*

cc: **BY ECF**
Gabriel Harvis, Esq.
*Attorney for Plaintiffs*