

**Gabriel P. Harvis**
**Baree N. Fett**

February 23, 2016

<u>BY ECF</u>
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

     Re:    *Nelson, et al. v. Rahman, et al.*, 15 CV 4988 (KAM) (PK)

Your Honor:

     I represent plaintiffs in the above-referenced civil rights action. I write to respectfully request an order pursuant to Fed. R. Civ. P. 37(a)(1)(B)(iii)-(iv) compelling defendants to produce outstanding items of discovery by a date certain. Pursuant to Rule 37(a)(1) and Local Civil Rule 37.3(a), plaintiffs certify that they have conferred with defense counsel in good faith prior to making this application in an effort to obtain the relief requested without Court intervention.

     By way of brief background, the six plaintiffs were among a group of individuals arrested on drug possession charges in October 2014 by NYPD officers conducting coordinated entry-and-search operations at two buildings on Prospect Place in Brooklyn. Approximately 46 police officers participated in the operation. The Kings County DA declined prosecution as to three of the plaintiffs after they were held in custody for approximately 30 hours. Of the other three plaintiffs, one accepted an ACD; all charges against the other two plaintiffs were dismissed outright. Plaintiffs now bring the instant action for false arrest, excessive force and related claims pursuant to 42 U.S.C. § 1983.

     Plaintiffs served their first set of discovery demands by hand at the initial conference on December 10, 2015. *See* Plaintiffs' First Set of Discovery Demands, annexed hereto as Exhibit 1. Defendants served their responses 49 days later, on January 28, 2016. *See* Defendants' Responses to Plaintiffs' First Set of Discovery Demands, annexed hereto as Exhibit 2. To date, defendants have produced a total of 52 pages of discovery, consisting of arrest reports, "OLPA" forms, a single field test voucher, six search warrants and associated "TAC" plans, entries from a single memo book, a single declined prosecution memo (as to one plaintiff) and a search warrant inventory as to one of the six search warrants.

     Especially given the large scale of the underlying police operation and the number of officers and plaintiffs involved, a great deal of critical, basic discovery remains outstanding, as set forth below. This material is necessary for plaintiffs to identify witnesses, prepare for and conduct depositions and comply with the fact discovery deadline of June 16, 2016.

     Plaintiffs have been diligent in pursuing the outstanding discovery. By letter dated February 10, 2016, the undersigned outlined the deficiencies in defendants' disclosures and requested that

Honorable Peggy Kuo
Feb. 23, 2016

defendants produce the outstanding material by February 17, 2016. *See* 2/10/16 Letter from G. Harvis to A. Shoffel, annexed hereto as Exhibit 3. The parties met and conferred by telephone on February 19, 2016 and succeeded in narrowing the disputes. The disputes were further narrowed during an ensuing exchange of e-mails and a subsequent telephone call. Despite their good faith efforts, the parties were unable to resolve their disputes as to the following:

<u>Plaintiffs' Document Request No. 3(a), (c)-(e) & (h): Officer Disciplinary and Personnel Records</u>

The parties disagree as to the appropriate scope of document production regarding the officers involved in the incident. As set forth in plaintiffs' discovery demands (*see* Exhibit 1, Request nos. 3(a), (c)-(e) and (h)), plaintiffs seek – for each officer involved in the incident – production of the CCRB, CPI and IAB summaries reflecting similar allegations, and those concerning false statements, going back ten years from the present, regardless of disposition (i.e. substantiated, unsubstantiated, complaint withdrawn, etc.), along with performance evaluations for every rating period in which the officer was rated, and the officer's memo book entries for the tour including the incident.

This material is discoverable. *Frails v. City of New York*, 236 F.R.D. 116, 117 (E.D.N.Y. 2006) (Reyes, M.J.) ("Disciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable.") (collecting cases) (internal citations omitted); *accord Phillips v. City of New York,* 277 F.R.D. 82 (E.D.N.Y. 2011) (Pohorelsky, M.J.)*; see, e.g.*, *Pacheco v. City of New York,* No. 05-CV-2013 (NG)(VVP), 2006 WL 648057, *1 (E.D.N.Y. Mar. 13, 2006); *Zhao v. City of New York*, 07-CV-3636 (LAK)(MHD), 2007 WL 4205856, *1 (S.D.N.Y. Nov. 21, 2007); *Bradley v. City of New York*, 04-CV-8411 (RWS)(MHD), 2005 WL 2508253 (S.D.N.Y. Oct. 3, 2005). Open allegations are discoverable, *see Kitevski v. City of New* York, 04-CV-7402 (RCC)(RLE), 2006 WL 680527 (Mar. 16, 2006), as are allegations that post-date the incident, *see Ismail v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990).

Thus, plaintiffs respectfully request that the Court compel production of each officer's personnel files, CCRB, IAB and CPI summaries (reflecting relevant allegations or false statement), along with the closing report for each allegation, and the officer's memo book entries, by a date certain.[1] Once plaintiffs have received and reviewed the summaries and closing reports, they will then request the appropriate underlying files and, if defendants object to that request, raise the matter with the Court in due course.

<u>Plaintiffs' Document Request No. 3(a): Recent, Labeled Photographs of the Officers</u>

In their discovery demands, plaintiffs request recent, color digital photographs of the officers involved in the incident, labeled with each officer's name, rank and current command. *See* Exhibit 1, Document Request no. 3(a). In their response, defendants assert a variety of inapplicable objections, including relevance. *See* Exhibit 2, Response and Objection to Document Request no. 3.

---

[1] Defendants have agreed to produce performance evaluations and memo books (as to current defendants only), but will not set a date certain for the production. As to disciplinary records, defendants agree to produce CCRB and CPI summaries (for defendants only) reflecting *substantiated* similar allegations (but not other dispositions) and false statements; defendants do not agree to a date certain for that production or to the production of closing reports (or IAB summaries). Plaintiffs respectfully note that their forthcoming amendment of the complaint will likely moot the distinction between named defendants and "officers involved."

Honorable Peggy Kuo
Feb. 23, 2016

The law in the Second Circuit on this topic is well developed. Photographs of potential civil rights defendants are discoverable. *See Murphy v. West*, 533 F. Supp. 2d 312, 317 (W.D.N.Y. 2008); *Snoussi v. Bivona*, 05-CV-3133 (RJD) (LB), 2009 WL 701007 (E.D.N.Y. Mar 3, 2009); *Beckles v. City of New York*, 08-CV-3687 (RJH) (JCF), 2010 WL 1841714, *5 (S.D.N.Y. May 10, 2010); *Castro v. City of New* York, 94-CV-5914 (JFK), 1995 WL 699730, *1 (S.D.N.Y. Nov. 28, 1995);[2] *Lozano v. City of New York*, 88-CV-659 (SWK), 1992 WL 116433 (S.D.N.Y. Apr. 17, 1992). In fact, each and every time that the Law Department has opposed the production of officer photographs, plaintiffs' counsel's firm has prevailed in compelling their production. *See Franks v. City of New York,* 2013 WL 6002946 (E.D.N.Y. Nov. 12, 2013) (collecting cases); *see also*, *e.g.*, *Plair v. City of New York*, 10-CV-8177 (RWS) (S.D.N.Y. May 29, 2012) (Docket Entry 58); *Chavez v. City of New York*, 11-CV-117 (PAE) (S.D.N.Y. Dec. 23, 2011) (Docket Entry 25); *Joyner v. City of New York*, 12-CV-177 (ENV) (E.D.N.Y. Aug. 1, 2012) (Docket Entry 16); *Harrison v. City of New York*, 11-CV-2762 (SLT) (E.D.N.Y. April 13, 2012) (Docket Entry 18). Notably, earlier this month the Hon. Gregory H. Woods overruled the objections of defense counsel in another case and ordered production of officer photographs – without preconditions and subject to protective order – under similar circumstances. *See Keith v. City of New York,* 15-CV-2781 (GHW) (S.D.N.Y. Feb. 11, 2016) (Docket Entry no. 26) ("…defendants are directed to produce the photograph described in plaintiff's letter…").

Accordingly, plaintiffs respectfully request an order compelling defendants to produce recent, labeled photographs of the officers involved in the incident by a date certain.

<u>Plaintiffs' Document Request Nos. 5 & 7: Documents Related to Incident & Search Warrant Policies</u>

As outlined in plaintiffs' February 10th letter (*see* Exhibit 3 at p. 5), defendants have failed to produce many categories of highly relevant documents responsive to plaintiffs' Document Request no. 5. Defendants do not object to production of the material, but are unwilling to set a date certain for the production. Accordingly, plaintiffs respectfully request that the Court set a date certain production deadline for these categories of material from their Document Request no. 5 (*see* Exhibit 1, pp. 8-10): (a) (omniform complaint reports); (b) (draft "scratch" copies); (c) (UF-61s); (e) (BADS arrest history reports); (g) (OCA checks); (h) (precinct roll calls); (i) (command log entries); (j) (SPRINT reports); (k) (mugshots); (m) (precinct prisoner rosters); (n) (prisoner movement slips); (o) (property vouchers); (p) (lab tests); (q) (field tests); (r) (arrest evidence for testing); (bb) (DAT investigation reports); (cc) (desk appearance ticket); (nn) (central booking prisoner rosters); (pp) (central booking photographs); (rr) (affidavits in support of search warrants); (ss) (post-search inventories); (tt) (criminal court files); (vv) (DA Intake/ECAB forms); (ww) (dismissal memoranda); and (zz) (DA files).

Plaintiffs also seek an order directing defendants to produce, by a date certain, the policies governing obtaining and executing search warrants, as requested by plaintiffs' Document Request no. 7. Such documents are central to understanding the extent of defendants' adherence to – and deviation from – established protocols. *See Handschu v. Special Services Div.*, 273 F.Supp.2d 327, 347 (S.D.N.Y. 2003) ("In civil rights actions brought to enforce rights created by the Constitution and § 1983, the contents of police patrol guides or other internal procedural guidelines have been regarded as relevant

---

[2] Over twenty years ago, in *Castro*, the Honorable Michael H. Dolinger noted that a plaintiff "presumably could have conducted depositions" of the officers instead of seeking photos: "The fortuity that she chose to proceed in a somewhat more efficient manner should not be used to penalize her." *Id.*

Honorable Peggy Kuo
Feb. 23, 2016

to a determination of whether a violation of such rights occurred.") (collecting cases).

     In light of the foregoing, plaintiffs respectfully request an order compelling defendants to produce the above-described discovery by a date certain.

     Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:     Amanda C. Shoffel, Esq.