UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

CORY NELSON, TERRON CAMPBELL, JOSHUA CORKE, TYPHANEE BRYANT, JACLYN LIFSHITZ, SAMUEL SCOTT,

                                     Plaintiffs,

                   -against-

Detective WALIUR RAHMAN, Shield No. 6428; Sergeant JOHN PARENTE, Shield No. 2431; Captain ANDREW VALENZANO; Captain GREGORY STEWART; Sergeant LUTFI DALIPI; Detective CHRISTOPHER SCHILLING; Detective JAMES ELLERBE; Sergeant ROBERT MALONEY; Captain FERNANDO GUIMARES; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                               Defendants.

------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

15 CV 4988 (KAM) (PK)

Jury Trial Demanded

## <u>NATURE OF THE ACTION</u>

1.     This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiffs demand a trial by jury in this action.

## PARTIES

6.      Plaintiffs Cory Nelson, Terron Campbell, Joshua Corke, Typhanee Bryant, Samuel Scott and Jaclyn Lifshitz are residents of Kings County in the City and State of New York.

7.      Detective Waliur Rahman, Shield No. 6428 ("Rahman"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rahman is sued in his individual and official capacities.

8.    Sergeant John Parente, Shield No. 2431("Parente"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Parente is sued in his individual and official capacities.

9.    Captain Andrew Valenzano ("Valenzano"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Valenzano is sued in his individual and official capacities.

10.   Captain Gregory Stewart ("Stewart"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Stewart is sued in his individual and official capacities.

11.   Sergeant Lutfi Dalipi ("Dalipi"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Dalipi is sued in his individual and official capacities.

12.   Detective Christopher Schilling ("Schilling"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Schilling is sued in his individual and official capacities.

13.   Detective James Ellerbe ("Ellerbe"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ellerbe is sued in his individual and official capacities.

14.    Sergeant Robert Maloney ("Maloney"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Maloney is sued in his individual and official capacities.

15.    Captain Fernando Guimares ("Guimares"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Guimares is sued in his individual and official capacities.

16.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

17.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

19.   At approximately 5:00 p.m. on October 30, 2014, Messrs. Nelson, Terron and Scott were lawfully inside of 1333 Prospect Place in Brooklyn, New York.

20.   At approximately the same time, Mr. Corke, Ms. Bryant and Ms. Lifshitz were lawfully inside of a building across the street, 1346 Prospect Place.

21.   Defendants, under the guise of an alleged search warrant, that was likely obtained based on false information, rounded up the plaintiffs along with several others and arrested them even though there was no evidence that they were engaged in criminality.

22.   While inside of 1333 Prospect Place, defendants applied excessively tight handcuffs to the wrists of Messrs. Nelson, Campbell and Scott.

23.   A few moments later, at 1346 Prospect Place, defendants brutalized Mr. Joshua Corke, Ms. Typhanee Bryant and Ms. Jaqueline Lifshitz, including by dragging them, pushing them onto one another and tightly handcuffing them.

24.   Plaintiffs were eventually taken to the 77th Precinct.

25.   At the Precinct, defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs engaged in various minor crimes.

26.   In reality, none of the plaintiffs committed any crime and the police

lacked arguable probable cause to believe otherwise.

27.     The District Attorney's office declined to prosecute plaintiffs Nelson, Campbell and Corke, who were released from Central Booking after spending approximately thirty hours in abysmal conditions.

28.     All charges against Mr. Scott were dismissed at arraignment and he was released after approximately thirty hours in custody.

29.     Ms. Lifshitz was arraigned in Kings County Criminal Court where the criminal charges were adjourned in contemplation of dismissal.

30.     After spending approximately eight hours at the Precinct, Ms. Bryant was issued a desk appearance ticket and unceremoniously released.

31.     The charges against Ms. Bryant were ultimately dismissed.

32.     Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, unlawful strip searches, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Entry, Detention and Search

33.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

-6-

34.   Defendants violated the Fourth and Fourteenth Amendments because they entered the premises, detained and searched plaintiffs without reasonable suspicion.

35.   Plaintiffs had an expectation of privacy within the premises under the Fourth Amendment and defendants violated this right by their entry into the premises.

36.   As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

37.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38.   Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

39.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

40.     Plaintiff Samuel Scott repeats and realleges each and every allegation as if fully set forth herein.

41.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff Scott under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

42.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

43.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

44.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

46.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial of Constitutional Right to Fair Trial

47.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48.     The individual defendants created false evidence against plaintiffs.

49.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

50.     In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

51.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged

## SIXTH CLAIM
### Failure to Intervene

52.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

53.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

55.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:       July 22, 2016
             New York, New York

HARVIS & FETT LLP

_____

Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiffs*

-11-