

GABRIEL P. HARVIS

BAREE N. FETT

August 1, 2016

BY ECF
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

Re:     *Nelson, et al. v. Rahman, et al.*, 15 CV 4988 (KAM) (PK)

Your Honor:

I represent plaintiffs in the above-referenced civil rights action. I write pursuant to Fed. R. Civ. P. 37(a)(1)(B)(iii)-(iv) and 37(b)(2)(A) to respectfully request an order compelling defendants to provide outstanding items of discovery by a date certain. Pursuant to Rule 37(a)(1) and the Court's Individual Practices, counsel certifies that he has conferred with defense counsel in good faith prior to making this application in an effort to obtain the relief requested without Court intervention.

By way of background, this case involves the coordinated execution of six search warrants inside two kitty-corner buildings, 1333 and 1346 Prospect Place in Brooklyn on October 30, 2014. The six plaintiffs in this case were among fourteen individuals arrested for alleged marijuana possession within the buildings' apartments.[1] Upon information and belief, charges against all fourteen arrestees were either ultimately dismissed or never prosecuted, and all six of the search warrants were based on an investigation purportedly conducted by defendant Rahman.

Plaintiffs recently learned, by serendipity, of the existence of a matter pending in this district entitled *Alleyne v. City of New York*, 15 CV 1860 (WFK) (VMS). *Alleyne* challenges the arrests of three individuals also inside of 1333 Prospect Place during the October 30th raids at issue in this case, and *Alleyne* is much further along in

---

[1] Plaintiffs Nelson, Campbell and Scott were arrested inside 1333 Prospect Place and plaintiffs Corke, Bryant and Lifshitz were arrested inside 1346 Prospect Place.

discovery – defendant Rahman and several other witnesses have already been deposed and the *Alleyne* parties are presently litigating production of investigative documents underlying the search warrant applications and Rahman's use of a Confidential Informant. *See Alleyne* Civil Docket at entries 39, 41-43.

To date, plaintiffs in the instant matter have expended considerable effort to obtain discovery from the defense, with very limited success. Despite this Court's issuance of discovery orders on March 1 and June 28, 2016, and discovery demands served by plaintiffs eight months ago, the following discovery remain outstanding.[2]

1. **Defendants' Performance Evaluations and Memo Books:** This material, as summarized in the chart annexed hereto as Exhibit 1, was first requested by plaintiffs in Document Request nos. 3(b) and (h) of their first set of discovery demands dated December 10, 2015, annexed hereto as Exhibit 2 (defendants' responses are annexed as Exhibit 3). Defendants were also ordered by the Court on March 1st, April 4 and May 18, 2016 to produce the material no later than May 17, 2016. Pursuant to the Court's June 28th order, plaintiffs also identified the memo books as being "most helpful" to plaintiffs' amendment efforts, but defendants nevertheless failed to provide the material by July 15th (or to date).[3]

2. **Evidence Concerning Plaintiffs' Arrests and Prosecutions:** As summarized in the chart annexed hereto as Exhibit 4, the vast majority of basic documentary evidence concerning the plaintiffs' arrests and prosecutions has never been produced, despite plaintiff's December 2015 requests (*see* Exhibit 1, Document Request no. 5, *et seq.*) and the Court's June 28th order. As reflected in Exhibit 4,

---

[2] At the status conference held on June 28th, plaintiffs were directed to notify defense counsel of the subset of outstanding documents expected to bear most directly on plaintiffs' longstanding efforts to amend the complaint, with such documents to be produced no later than July 15, 2016. By e-mail on June 28th, the undersigned provided the list to defense counsel, consisting, *inter alia*, of long-overdue memo books, complaint reports, command log entries, DA files, lab and field tests, evidence and property vouchers, inventory reports and other evidence likely to detail officer involvement. Defendants' ultimate production, which constituted their only production since May 17th and which was received on July 19, 2016, consisted of a sum total of 34 pages, of which 32 pages were reproductions of documents previously produced with defendants' initial disclosures.

[3] As of this writing, defendants have also failed to comply with that portion of the Court's June 28th order requiring them to "advise Plaintiffs' counsel about which documents Defendants have not been able to locate, and which documents relating to retired police officers Plaintiffs may subpoena, together with the information on where Plaintiffs should serve such subpoenas."

this includes, as to *all* plaintiffs, (i) omniform complaint reports, (ii) command log entries, (iii) draft "scratch" arrest and complaint reports, (iv) DAT investigation reports, (v) lab tests and (vi) evidence vouchers. Additionally, (vii) field tests and (viii) the DA's "ECAB" intake forms are missing as to five of the six plaintiffs, (ix) DA files themselves are missing for three plaintiffs, (x) the Declined Prosecution form for plaintiff Terron Campbell (describing the arrest in detail) remains outstanding, along with (xi) the DAT issued to Typhanee Bryant, (xii) the DA's dismissal memorandum as to plaintiff Samuel Scott, (xiii) property voucher no. 300446272, (xiv) the marijuana allegedly recovered (for inspection and analysis) and (xv) post-execution warrant recovery reports and inventories.[4] Plaintiffs respectfully request that, on this record, the foregoing overdue material be ordered promptly produced by a date certain.

3. <u>**Evidence Underlying Search Warrant Applications:**</u> In connection with their challenge of the search warrants executed on October 30th, plaintiffs served Rule 34 requests for relevant documents upon the City of New York and sought designation of a witness with knowledge to testify on behalf of the municipality pursuant to Rule 30(b)(6). *See* Exhibit 2, Document Request nos. 5(rr)-(ss); Notice of Rule 30(b)(6) Deposition dated February 22, 2016, annexed hereto as Exhibit 6, Request nos. (i)-(xi). The requested documents include, *inter alia*, (i) affidavits and transcripts from the hearing that led to issuance of the warrants, (ii) documents regarding the selection and approval of the confidential informant, along with the informant's history and the "C.I. file" (but not the informant's identity) and (iii) documentation of compliance with governing NYPD policies on search warrant procurement. Since these requests were made over five months ago, defendants have failed to respond entirely, waiving any potential objections or privileges they might have wished to assert. *See Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) ("As to whether the court should preclude objections, there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections.") (collecting cases); *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone

---

[4] Annexed hereto as Exhibit 5 is an exemplar of one of the types of inventories plaintiffs are seeking here. The document, produced in an unrelated matter, reveals relevant information regarding the warrant execution, including the location of each individual at the time of entry.

familiar with that subject.") (collecting cases). Even if defendants' potential objections had been asserted or preserved, they would fail on the merits, as the requested material is of direct relevance to plaintiffs' claims and the disputed events. Accordingly, plaintiffs respectfully request that defendants be ordered to produce this material, and to designate an appropriate witness, by a date certain.

4. ***Alleyne* Deposition Transcripts and Discovery:** Based on letters filed in the *Alleyne* matter, the *Alleyne* plaintiffs appear to have deposed five police officers, including defendant Rahman, who were involved in the execution of the October 30th search warrants at 1333 and/or 1346 Prospect Place during which the plaintiffs herein were arrested. *See Alleyne* Civil Docket at entry 43 (summarizing officer testimony). Such statements, which have basic and direct relevance to plaintiffs' claims in this case, were requested in plaintiffs' December 2015 discovery demands. *See* Exhibit 2, Document Request no. 2. Defense counsel, who failed to ever disclose the existence of the *Alleyne* matter to the undersigned, has agreed to produce a portion of the Rahman transcript, but no production has been made as of this writing. Additionally, plaintiffs requested the criminal court and DA files of the other individuals arrested inside 1333 and 1346 Prospect Place, material the Law Department apparently possesses but has refused to produce, and for which no privilege log has been provided. *See* Exhibit 2, Document Request nos. 5(uu) and 5(aaa).

In light of the foregoing, plaintiffs respectfully request that defendants be compelled to produce the material outlined above electronically and by a date certain.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:     Amanda Shoffel, Esq.