

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**AMANDA C. SHOFFEL**
*Assistant Corporation Counsel*
phone: (212) 356-2249
fax: (212) 788-9776
email: ashoffel@law.nyc.gov

August 10, 2016

BY ECF
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

      Re:    Corey Nelson, et al. v. Det. Waliur Rahman, et al.,
               15 Civ. 4988

Your Honor:

      I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department representing defendants in the above-referenced matter. I respond in opposition to the letter motion to compel filed August 1, 2016 by counsel for plaintiffs.

1. Defendants' Performance Evaluations and Memo Books

    Defendants have repeatedly advised Mr. Harvis that we have produced all performance evaluations contained in the officers' personnel files. Performance reports are not kept for every officer in every command for every year of service. Defendants have also advised plaintiffs that we are unable to produce memo books for officers who are retired. When counsel for plaintiffs' raised the issue at the last conference, Your Honor advised Mr. Harvis to subpoena these records from the retired officers should he still need them. To date, upon information and belief, counsel has not done so.[1]

---

[1] Counsel also notes in fn. 3 that the undersigned has failed to notify him of any documents which we are unable to locate, as required by the Court's June 28, 2016 Order. Contrary to this assertion, the undersigned emailed Mr. Harvis on July 25, 2016 to advise that we are unable to locate that performance reports for every year, memo books for retired officers, "scratch" or draft copies of arrest reports, and

2. <u>Evidence Concerning Plaintiffs' Arrests and Prosecutions</u>

As to plaintiffs' remaining items: (i) Omniforms have been produced for each plaintiff in Defendants' Rule 26 Disclosures at Bates DEF 000001-000030; (ii) Defendants have produced the command logs at DEF 0000835-000846 (iii) "draft" or "scratch" copies are unavailable[2] (iv) DAT provided for Typhanee Bryant at Bates 000907 (vi) and (vii) field tests and evidence vouchers were provided at Bates 000879-000880; 000884-000887; 000890-000897; 000899-000901; 000904-000905; 000909, as well as in Defendants' Rule 26 Disclosures at Bates 000050.

Finally, defendants provided all documents from the District Attorney's Office in our possession. Following the parties' meet and confer, the undersigned made an additional request and have now produced the following additional documents sought in plaintiff's letter: (x) the declined prosecution form for Terron Campbell at Bates 000882-000883 (xi) the DAT issued to Typhanee Bryant at Bates 000907 (xii) the dismissal memo as to Sam Scott was not included in the D.A. documents at Bates 000909-000912 (xiii) property voucher no. 300446272 at Bates 000892-000893, and finally (xiv) defendants object to providing the actual marijuana as part of these discovery requests.[3]

3. <u>Evidence Underlying the Search Warrant Applications</u>

Defendants properly and timely objected to plaintiff's document requests for production regarding underlying information about a confidential informant (C.I.). First, these objections were appropriate because the search warrant and C.I. discovery plaintiffs seek is protected by privilege. <u>Rovario v. United States</u>, 353 U.S. 53, 60-61 (1957). <u>See</u> <u>National Lawyers Guild et al., v. Attorney General, et al.</u>, No. 77-CV-0999, 1982 U.S. Dist. LEXIS 10271, at *3 (S.D.N.Y. April 8, 1982) ("Courts have long recognized….that to insure cooperation, the fear of reprisal must be removed and that 'the most effective protection from retaliation is the anonymity of the informer…The doctrine of informer privilege is applied in civil cases as well as criminal and limits the right of disclosure under Rule 34 of the Federal Rules of Civil Procedure. Indeed there is ample authority for the proposition that *the strength of the privilege is greater in civil litigation than in criminal.*") (internal citations omitted, emphasis added).

The risk in disclosure here is not proportional to the needs of the case. When assessing the legality of a warrant, it is immaterial whether any non-governmental informants made any false statements; the only relevant inquiry is whether the officer who executed the search warrant affidavit included information that the officer either knew to be false, or entertained serious doubts about the accuracy of the information. <u>Franks v. Delaware</u>, 438 U.S. 171 (1978), <u>See</u> also <u>United States v. Vilar</u>, 05 CR 621 (KMK), 2007 U.S. Dist. LEXIS 26993, *77-86 (S.D.N.Y. Apr, 4, 2007) *77-*86; <u>United States v. Perez</u>, 247 F. Supp. 2d 459,472-74 (S.D.N.Y. 2003).

---

mugshots for some of the plaintiffs' whose cases were dismissed as they have been terminated pursuant to C.P.L. § 160.50.

[2] Scratch copies are a draft of the same information in the arrest reports, which have been produced.

[3] As to item (ix), Mr. Harvis stated by email to the undersigned on July 25, 2016 that only three DA's files were sought because the remaining individuals were not prosecuted. In any event, these files have been produced.

Plaintiffs' failure to identify with particularity the need for this information, coupled with the safety and security interests at stake, does not warrant disclosure.

Second, Plaintiffs now claim the defense has somehow waived those objections because we did not separately raise written objections to the 30(b)(6) Notice which was included with the discovery requests. Defendants are unaware of any federal rule or any case which supports plaintiff's position that the Court should now Order production of materials related to a confidential informant for failure to object to a notice for a corporate designee within a specific time period, including the ones cited by plaintiffs in their letter motion. Senat v. City of New York, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (stating, "failure to serve timely responses to *interrogatories and document requests* serves as a waiver of objections.") (emphasis added); Reilly v. Natwest Markets Group, Inc. 181 F.3d 253, 268 (2d. Cir. 1999) (no mention of a waiver of objections within any specified time period).

4. Alleyne Deposition Transcripts and Discovery

The deposition transcript of Det. Rahman is available from a third party court reporting service and counsel may order a copy should he choose.[4] Defendants have agreed to produce any relevant portions of the transcript that deal with the specific floors or apartments in which plaintiffs in this case were arrested, subject to appropriate redactions.

However, defendants object to the production of arrest documents related to non-party individuals. These requests seek information that 1) implicates the privacy interests of non-parties; 2) is not relevant to any parties' claims or defenses; and 3) is not proportional to the needs of the case. Specifically, upon information and belief, the criminal court and arrest paperwork for the non-party arrestees at "1333" resulted in no criminal convictions, and is presumably thus, sealed pursuant C.P.L. § 160.50/55, including any and all information leading up to their arrests such as pedigree sheets, "TAC" plans, and search warrant applications. This information cannot be obtained without execution of unsealing authorizations by these non-parties and is therefore unavailable to defendants. In the same respect, the criminal court and arrest paperwork for non-parties at the subject location "1346" is in-fact sealed pursuant to C.P.L. § 160.50/55 and, including any and all information leading up to their arrests. Finally, plaintiffs have identified the names of the non-party individuals present in the apartments in their Rule 26(a) Disclosures, and therefore have the identity of potential fact witnesses. There is no additional information contained within the arrest reports that bears on the claims or defenses of the plaintiffs in this case.

Thank you for your consideration in this regard.

---

[4] When advised of this previously, counsel responded by email dated July 19, 2016 that he did not feel he should have to pay to buy the transcript. Defendants therefore respectfully submit this is an issue of resources and not availability of the materials.

- 4 -

                                    Respectfully submitted,

                                    /s/_____
                                  Amanda C. Shoffel
                                  Assistant Corporation Counsel

cc:     <u>BY ECF</u>
         Gabe Harvis, Esq.
         *Attorney for Plaintiffs*