| BEFORE: | PEGGY KUO | DATE: | 8/15/2016 |
|---|---|---|---|
| | U.S. MAGISTRATE JUDGE | START TIME: | 11:02 a.m. |
| | | END TIME: | 11:17 a.m. |
| DOCKET NO. | CV-15-4988 | DISTRICT JUDGE: | KAM |

CASE NAME:   Nelson et al. v. Rahman et al.

CIVIL CONFERENCE

PURPOSE OF CONFERENCE:   Telephone Status Conference

| APPEARANCES: | Plaintiffs | Gabriel Paul Harvis, Esq. |
|---|---|---|
| | Defendants | Amanda Shoffel, Esq. |

**SCHEDULING AND RULINGS:**

1. The Court heard argument on Plaintiffs' motion to compel discovery at [27], which supersedes Plaintiffs' prior motion to compel at [23]. The Court granted Plaintiffs' current motion to compel in part, as set forth herein. Accordingly, Plaintiffs' prior motion to compel at [23] is terminated as moot.

2. Plaintiffs' counsel stated that Plaintiffs are seeking performance evaluations for the nine police officers named as Defendants in the Amended Complaint, and withdrew their request for the performance evaluations of non-party police officers listed in Exhibit 1 to Plaintiffs' motion to compel at [27]. Defendants' counsel stated that Defendants have produced all performance evaluations available in the personnel files of the police officers who are Defendants.

3. On Plaintiffs' motion, which was not opposed, the Court ordered Defendants to file an affidavit or declaration by **August 30, 2016** by a person with knowledge, describing the process of searching for Defendants' performance evaluations, and the outcome of the search as to each Defendant. The Court directed Defendants to include in such affidavit or declaration information about whether the New York Police Department (NYPD) or the relevant precinct(s) maintain a policy or practice of not conducting periodic performance evaluations of police officers, or a policy or practice of conducting oral performance evaluations without producing written performance evaluations to be kept in the officers' files.

4. Defendants' counsel stated that Defendants will produce memo books for any non-retired Defendant police officers whose memo books have not yet been produced. Defendants' counsel agreed to produce a better-quality copy of Defendant Rahman's memo book and the cover page thereof. Defendants' counsel stated that when police

officers retire, they retain their own memo books and that the NYPD does not ordinarily retain the original or a copy. The Court ordered Defendants' counsel to provide Plaintiffs' counsel, no later than **August 30, 2016**, with the names and last known addresses of Defendant police officers who are retired, so that Plaintiffs may serve subpoenas on those Defendants for copies of their memo books.

5. Plaintiffs' counsel stated that Defendants made a supplemental production on August 12, 2016, but that many document requests with respect to Plaintiffs' arrests and prosecutions, and evidence underlying the search warrants, remain outstanding. Defendants' counsel stated that it is her understanding based on conversations with the Defendant police officers that there was no hearing on the underlying search warrant application. Defendants' counsel stated that the search warrants produced by Defendants, which are signed by a state court judge, refer to "stenographically recorded testimony presented to me this day." The Court ordered Defendants' counsel to investigate this inconsistency and conduct further searches for the transcript of any underlying search warrant hearing(s) and search warrant affidavit(s).

6. With respect to documents Plaintiffs have requested but that Defendants' counsel has been unable to locate in the NYPD and District Attorney's Office (DA) files made available to her, the Court directed the parties to meet and confer again to share information about the possible location of relevant documents. Only if necessary following this meet and confer, Plaintiffs' counsel is permitted to file, by **August 30, 2016**, a proposed Order compelling the production of specific documents or categories of documents by particular agencies or departments.

7. Plaintiffs' counsel renewed Plaintiffs' request for Defendants to produce relevant discovery from the related and pending case *Alleyne v. City of New York*, 15-cv-1860, including the transcript of the deposition in that case of Detective William Rahman, who is a Defendant in this case, documents related to a confidential informant, and criminal court and DA files of the *Alleyne* plaintiffs, which were the subject of a July 29, 2016 order by Judge Scanlon in *Alleyne*. Defendants' counsel renewed Defendants' written response at [29], and stated that production of materials from the *Alleyne* action is restricted because files are sealed pursuant to C.P.L. § 160.50. The Court stated that it would take these requests under advisement, review the rulings in *Alleyne* more closely, and issue a ruling. Accordingly, the Court granted Plaintiffs' motion at [30] to supplement Plaintiffs' submissions with information from the *Alleyne* case.

8. The parties stated that they will cooperate on scheduling Plaintiffs' depositions.

9. The status conference scheduled for August 24, 2016 is adjourned *sine die*. The Court will schedule a status conference following the parties' filings due August 30, 2016.